E-FILED
Thursday, 05 January, 2023  09:46:09 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| **JARED WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 2:23-cv-02003** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **RISE BAKING COMPANY, LLC,** | ) | |
| | ) | **Jury Trial Demanded** |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

**NOW COMES** Jared Williams ("Plaintiff"), by and through the undersigned counsel, filing this Complaint against Rise Baking Company, LLC ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") for Defendant's sexual harassment based discrimination against Plaintiff and retaliation against Plaintiff in violation of Title VII.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.  This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3.      Venue of this action properly lies in the Central District of Illinois, Urbana Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's

claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4.      All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5.      A charge of employment discrimination on basis of sex and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6.      Notification of the Right to Sue was received from EEOC on or about December 13, 2022. (Attached hereto as Exhibit "B").

7.      This Complaint has been filed within the 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

## PARTIES

8.      At all times material to the allegations of this Complaint, Plaintiff resided in Kankakee County in the State of Illinois.

9.      At all times material to the allegations in this Complaint, Defendant, was a corporation doing business in and for Kankakee County, whose address is 1340 Sycamore Road, Manteno, Illinois 60950.

10.     Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12.     Plaintiff worked for Defendant in a production position from July 6, 2021 through October 5, 2022.

13.     Beginning around August 2021, Defendant subjected Plaintiff to different terms and conditions of employment than others not within his protected class and has been subjected to a hostile work environment on the basis of sex and sexual orientation, violating Title VII.

14.     Plaintiff is straight male and is a member of a protected class because of his sex whom Defendant subjected to different terms and conditions of employment than others not within his protected class.

15.     Plaintiff was unlawfully constructively terminated because of his sex and sexual orientation, (straight male) on October 5, 2022.

16.     Plaintiff met or exceed Defendant's performance expectations during the entire duration of his employment.

17.     Plaintiff was retaliated against and his employment was ultimately terminated for opposing unlawful discrimination and for exercising his protected rights.

18.     In or around August 2021, Plaintiff was sexually harassed by a coworker. After inadvertently bumping into and touching his coworker's inner leg, Plaintiff's coworker made an overtly sexual comment to Plaintiff asking him if "He was going to do anything about it" in a suggestive tone.

19.     Subsequently, Plaintiff received several suggestive comments, including comments that he should "go gay."

20.     Despite making it known that he was uncomfortable with these comments, the comments continued.

21.     Plaintiff was distraught, as this conduct was engaged in by colleagues, supervisors, and a member of human resources.

22.     After complaining about the constant comments regarding his sex and sexual orientation, Plaintiff was told he needed to "kill himself."

23.     Furthermore, Defendant's human resources representative, "Ms. Owens," suggested that Plaintiff commit acts of violence against his coworkers.

24.     The conduct and harassment was so pervasive that Plaintiff experienced severe emotional distress, as well as an unsafe work environment.

25.     Fearing for his safety, Plaintiff was constructively terminated on October 5, 2022.

26.     Plaintiff was targeted for termination because of his sex and reporting of illegal activity.

27.     Plaintiff is able to show that he participated in protected activity under Title VII and that Defendant retaliated against him for doing so.

28.     Plaintiff suffered multiple adverse employment actions including, but not limited to being constructively terminated.

29.     There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to.

## COUNT I
### Sex-Based Harassment in Violation of Title VII of
### the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

30.     Plaintiff repeats and re-alleges paragraphs 1-29 as if fully stated herein.

31.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of his sex and sexual orientation, male and straight, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§ 2000e, *et seq.*

32.    Defendant knew or should have known of the harassment.

33.    The sexual harassment was severe or pervasive.

34.    The sexual harassment was offensive subjectively and objectively.

35.    Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to his sex and sexual orientation, male and straight.

36.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.  As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Retaliation in Violation of 42 U.S.C. § 2000e, *et seq.*

37.    Plaintiff repeats and re-alleges paragraphs 1-29 as if fully stated herein.

38.    Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq.*

39.    During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful sex discrimination which created a sufficiently severe or pervasive work condition in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*  As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

40.    In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sex discrimination.

41.    Defendant also failed to take necessary precautions to prevent further recurrences

of the discriminatory and harassing conduct complained of by Plaintiff.

42.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on his reporting the sex-based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

43.     Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

44.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

    a.     Back pay and benefits;

    b.     Interest on back pay and benefits;

    c.     Front pay and benefits;

    d.     Compensatory damages for emotional pain and suffering;

    e.     Pre-judgment and post-judgment interest;

    f.     Injunctive relief;

    g.     Liquidated damages;

    h.     Punitive damages;

    i.     Reasonable attorney's fees and costs; and

    j.     For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 5th day of January, 2023.

/s/ *Alexander J. Taylor*
**ALEXANDER J. TAYLOR, ESQ.**
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 272-1942
Fax (630) 575 - 8188
E-mail: ataylor@sulaimanlaw.com
*Attorney for Plaintiff*